UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

US. SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,        No. 08-CV-13184-DT

vs.        Hon. Gerald E. Rosen

PAUL G. MERKLINGER and
ENCORE ASSOCIATED LEASING, LLC,

        Defendants,
and

BRIAN J. MERKLINGER,

        Relief Defendant.
_____/

ORDER REGARDING DEFENDANT PAUL MERKLINGER'S
MOTION FOR RECONSIDERATION OF SEPTEMBER 23, 2009 ORDER

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on    October 26, 2009

        PRESENT:  Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

This matter is presently before the Court on Defendant's October 2, 2009 Motion for Reconsideration of the Court's September 23, 2009 Order Regarding Defendant Paul Merklinger's Motion to Set Aside Default. In that September 23, 2009 Order, the Court conditioned the setting aside of the clerk's entry of default entered against Mr. Merklinger on his filing, within 30 days of September 23, 2009, a Fed. R. Civ. P.

12(b)(6) Motion to Dismiss based upon his claim that the investments of the various investors giving rise to this suit are not "securities" under the Federal securities laws. In his Motion for Reconsideration, Mr. Merklinger argues that the Court erred in conditioning his relief from the Default upon the filing of Rule 12(b)(6) motion. He appears to take the position that the default should simply be set aside and he would then raise any defense he chooses, including a defense that the investments at issue are not "securities." In support of his position, Merklinger relies upon the Court's statements at the hearing on his Motion in which the Court indicated that it would not preclude counsel for Merklinger from raising all of the defenses he wants.

Before closing the hearing on Mr. Merklinger's Motion to Set Aside Default, in colloquy with counsel, the Court stated as follows:

> THE COURT: . . . If I provide any relief whatsoever to Mr. Merklinger, it will be very limited and it will be only for the purpose of coming in and filing what would be effectively a motion to dismiss under Rule 12 that the SEC does not have jurisdiction here because there has not been a violation of the Securities Act. That would be the limited relief that I would provide at this juncture. . . . Any other relief would be at this point, anyway, would be a waste of everybody's time because he's not going to participate in discovery.
>
> MR. RESNICK [Counsel for Paul Merklinger and EAL]: Well, Your Honor, I would agree with the statements that the Court made earlier that if Mr. Merklinger is given an opportunity to defend if the default is set aside, because, of course, right now, as the case is procedurally postured, he can't even defend the case. Once a default is entered he can't do anything.
>
> So I think to move this case forward as the Court just said, this is the matter that is pending first. This is what I am here today for, to move this case forward. The only way to do that is to have the default set aside and then the burden, of course, is on the plaintiff at that point. They certainly

can file their motion for summary judgment which --

THE COURT:  Then you have to file a response.

MR. RESNICK:  Right.  I would have to file a response.

THE COURT:  And I presume the response is going to be a 12(b)(6) motion, isn't it?

MR. RESNICK:  My point, Your Honor --

THE COURT:  Otherwise, he is opening himself up to deposition and as Mr. Hanauer points out as I think you know, as soon as he begins to refuse to make discovery, I am going to draw the adverse inference.

MR. RESNICK:  I understand that.

THE COURT:  So we are not going to drag this out, Mr. Resnick.

MR. RESNICK:  I'm not seeking to drag it out, Your Honor.  But I will ask the Court to consider two things.  I will close on this.  On is again only because I am own [sic; only] recently involved in the sense of investigating all of the defenses to this case.  But I think it would be premature to preclude us by virtue of just setting aside a default or not from my having an opportunity in the Court's decision today or in the near future from raising any defense that we would like to.

    Now, we may choose by virtue of what you said and I can't argue with that, that because of the pending criminal investigation --

THE COURT:  You can raise all of the defenses you want.  But other than a dispositive motion under 12(b)(6), any other defenses that you raise are going to require discovery.  Playing this out [he] is going to take the Fifth. I can then draw the adverse inference and on the basis of the adverse inference, grant judgment.  All I am saying it's a very practical matter.

MR. RESNICK:  As a practical matter, I absolutely understand what you are saying.  I just don't want to be in a situation where I am precluded from raising defenses.

> THE COURT:  I won't preclude you from raising the defenses.  I don't think they are going to be -- they will be without much meaning.

[5/13/09 Tr. pp.40-42, Defendant's Ex. A.]

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g).

There was no "palpable defect" in the Court's ruling.  In *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983), the Sixth Circuit set forth three factors that district courts are to consider when deciding whether to set aside a

default. These three factors are whether (1) the default was willful,[1] (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious. *Id*. The Court found that Defendant Merklinger's default was willful and that a set-aside protracting the proceedings in this matter would prejudice the SEC and the investors on whose behalf the SEC seeks recovery. His *pro se* motion shows he understands the legal process and what he had to do. The Court further noted that Mr. Merklinger has taken every attempt to avoid this lawsuit -- he never once gave the Court a correct address (on his *pro se* motion, he used a P.O. Box address that turned out to be the P.O. Box of one of his Canadian attorneys who never appeared in this case) and he has repeatedly directed his lawyers to not give the Court or the government his address.

In seeking to set aside the default, the only alleged "meritorious" defense against this action propounded by Defendant Merklinger was his claim that the investments made by the investors in EAL were not "securities" under the federal securities laws. The only other "defense" asserted by Defendant deals with the accuracy of the calculation of dollar amounts of monies the SEC claims Merklinger took from the "investments" for his own personal use. This purported other "defense," however, does not absolve Mr. Merklinger of liability. The only legal defense, which, if successful, would absolve Merklinger of liability is his claim that "no securities were involved," and therefore, no violation of the

---

[1] At the May 13, 2009 hearing, the Court found that Merklinger could have responded to the Complaint, or he could have retained counsel to do so for him, if he was as ill as he claims for the nine months between being served with the SEC's Complaint and the SEC's filing of its Motion for Entry of Default.

5

securities laws occurred.

Weighing the three factors, the Court could have simply denied, out of hand, Mr. Merklinger's Motion to Set Aside Default as two of the three factors clearly weigh in favor of denying relief. However, the Court, in the interest of justice, decided to allow Mr. Merklinger an opportunity to make out the one potentially meritorious defense he raised that could relieve him of liability. While the Court will not preclude Mr. Merklinger from raising his other defenses, if he wishes to do so, he may raise these other defenses *in addition to* addressing the only defense he raised in his Motion to Set Aside Default that presents a purely legal question and, thus, may be decided as a matter of law at this initial response stage, without the need for discovery. Mr. Merklinger has already delayed otherwise responding to the SEC's complaint for more than a year. The Court expressed its displeasure with Mr. Merklinger's delay tactics at the May 13, 2009 hearing on the Motion to Set Aside Default. Nothing has occurred in the interim that would allay the Court's displeasure.[2]

In sum, the Court finds that Defendant Merklinger's motion for reconsideration merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Defendant's protestations notwithstanding,

---

[2] If anything, what has occurred since the entry of the Court's Order granting Merklinger's Motion to Set Aside Default underscores the Court's concern about Defendants' continued delay tactics. Less than two weeks after filing the Motion for Reconsideration, Merklinger's attorneys filed a motion to withdraw as counsel asking for a further delay of the proceedings in this matter. (The Motion to Withdraw is addressed in a separate Order entered this date.)

Defendant has not shown a "palpable defect" by which the Court has been misled.

For these reasons,

IT IS HEREBY ORDERED that Defendant Paul Merklinger's Motion for Reconsideration **[Dkt. # 36]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 26, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

7