UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

US. SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,                 No. 08-CV-13184-DT

vs.                                           Hon. Gerald E. Rosen

PAUL G. MERKLINGER and
ENCORE ASSOCIATED LEASING, LLC,

               Defendants,
and

BRIAN J. MERKLINGER,

               Relief Defendant.
_____/

MEMORANDUM OPINION AND ORDER REGARDING
RESNICK & MOSS, P.C.'S MOTION TO WITHDRAW AS ATTORNEYS FOR
<u>DEFENDANTS PAUL MERKLINGER AND ENCORE ASSOCIATED LEASING</u>

             At a session of said Court, held in
             the U.S. Courthouse, Detroit, Michigan
             on         October 26, 2009        

             PRESENT:   Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

     This matter is presently before the Court on the October 14, 2009 Motion of

Resnick & Moss, P.C. ["Resnick"] to withdraw as counsel for Defendants Paul

Merklinger and Encore Associated Leasing, LLC.  Plaintiff has responded to Resnick's

Motion and Resnick has replied.  Having reviewed and considered Resnick's Motion,

1

Plaintiff's Response and Resnick's Reply, the Court has determined that oral argument is not necessary.  Therefore, pursuant to Eastern District Local Rule 7.1(e)(2), this matter will be decided on the briefs.  This Memorandum Opinion and Order sets forth the Court's ruling.

<u>DISCUSSION</u>

This case, after more than a year, has yet to move out of the initial pleading stage. The Securities and Exchange Commission (the "SEC") filed its Complaint against Defendants Paul Merklinger and Encore Associated Leasing, LLC ("EAL"), and Relief Defendant Brian Merklinger, the son of Paul Merklinger, on July 24, 2008.  The central allegation in the SEC's Complaint is that Paul Merklinger fraudulently raised $7 million from investors through the offer and sale of securities in EAL, a purported tire recycling company of which Merklinger was the president and CEO.  Specifically, the SEC alleged that Paul Merklinger (a) used more than $950,000 of investor money for his personal benefit, (b) used an additional $134,000 in investor funds to make Ponzi-type payments to investors in another Merklinger-controlled company, and (c) spent or transferred at least $172,000 in investor founds tor the benefit of his son, Brian Merklinger.  On July 31, 2008, after Merklinger attempted to evade service for several days, the Court issued a Preliminary Injunction prohibiting Merklinger and EAL from violating the federal securities laws and issued orders freezing the Merklingers' and EAL's assets which "were acquired with proceeds of Defendants' [securities] offering."

Neither Merklinger, EAL nor Relief Defendant responded to the SEC's Complaint.  Therefore, after having been afforded nearly four months to file an answer, on December 19, 2008, on the SEC's motion, the Clerk entered defaults against these parties.  Eleven days later, on December 30, 2008, Paul Merklinger filed a *pro se* Motion to Set Aside the Default that had been entered against him.

The ensuing nine months dragged on as a result of repeated requests for postponement of each scheduled hearing date set for Merklinger's Motion made by Merklinger and/or the various attorneys who indicated to the Court that they were going to take on Merklinger's case only to subsequently decline representation.  A brief summation of  these attorneys' involvement with Merklinger and their subsequent disassociation from him is illustrative.

Neither Paul Merklinger nor Brian Merklinger nor any representative of EAL appeared personally at the July 30, 2008 hearing on the SEC's Motion for Preliminary Injunction. However, five different attorneys from several different firms attended the hearing, ostensibly on Defendants' behalf, but all of them denied representing any of the Defendants in this matter and all of them refrained from filing any appearances.  Then, at the December 19, 2008 hearing on the SEC's Motion for Entry of Default, an attorney named Mark Baun of the law firm Rickle & Baun, P.C. made a "special appearance" at the hearing, but Baun also refrained from filing an appearance and specifically stated that he was not representing any of the Defendants in this matter but that he would convey to

3

Mr. Merklinger the Court's rulings.

As indicated above, on December 30, 2008, Paul Merklinger filed a *pro se* Motion to Set Aside the Default entered against him.  After the SEC filed its response to Merklinger's motion, the Court set the matter for hearing on March 13, 2009.  However, the hearing was rescheduled for March 26, 2009 after the Court received a telephone call from an attorney named Jack Mazarra who indicated that he and his firm were looking into whether they would take on representation of Mr. Merklinger.  Mr. Mazarra subsequently asked for an adjournment of the March 26 hearing date; the Court acquiesced and re-set the hearing for April 19, 2009.

However, on April 9, 2009, Mr. Mazarra called the Court to inform it that he and his firm had decided not to represent Mr. Merklinger, after all.  Later that same day, an appearance was filed by Nathan Resnick and Resnick & Moss, P.C.  Mr. Resnick then called the Court and asked for time to familiarize himself with the matter and requested another adjournment.  The Court granted Resnick's request and re-set the hearing for May 13, 2009.

The hearing was finally held on May 13, 2009 and Mr. Resnick appeared on behalf of all Defendants.  At that hearing, Mr. Resnick acknowledged that he "inherited the procedural posture of the case" when he accepted representation of Mr. Merklinger and that there was "a whole history of hearings and attorneys showing up and not entering appearances."  Now, Resnick and his firm seek to become part of this parade of

4

attorneys and be relieved of further representation of Merklinger and EAL.

Resnick and his law firm ask the Court to grant them leave to withdraw as counsel and further ask the Court to grant a 30-day stay of proceedings to allow Merklinger and EAL an opportunity to obtain new counsel if they wish to do so. They further ask that they be relieved of their representation before the deadline set by the Court in its September 23, 2009 Order Regarding Merklinger's Motion to Set Aside Default for filing a motion to dismiss.[1]

The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the discretion of the district court. *United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir. 1990). Factors to be considered include: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). Weighing these factors, the Court denies Resnick's Motion. If the were to grant the motion to withdraw and the request for a 30-day stay for yet another attorney to be retained, the Defendants would merely be able to continue to use the revolving door of attorneys to further delay

---

[1] Relief Defendant Brian Merklinger, Paul Merklinger's son, is attempting to use a similar delay tactic in a related case also pending before this Court, *United States v. One 2007 Mack 600 Dump Truck*, E.D. Mich. No. 08-14951. Docket Nos. 28, 30, 33 and 34.

5

this case, which belies the prompt and efficient administration of justice.

      With respect to the first factor, Resnick's motion is highly untimely.  It was filed less than two weeks before the deadline for the filing of the court-ordered motion to dismiss.[2]  As for the extent of the conflict between the attorney and client, Resnick's motion merely recites the boilerplate claim that "[t]here has been a breakdown of the attorney-client relationship" and that the Defendants have failed to "fulfill their obligations" to their lawyers.  No factual explanation is offered in the Motion and in the Reply Brief, Resnick states that "[t]he other issues that support this request in this motion cannot be presented in a public document," but Resnick has made no effort to file anything under seal.  Although Resnick purports to bring the Motion to Withdraw pursuant to the Michigan Rules of Professional Conduct relating to a client's failure to pay attorney's fees, no argument is made with respect to Merklinger's or EAL's failure to pay the attorneys.  Furthermore, to the extent Resnick might attempt to argue failure-to-pay fees now, when Resnick filed his appearance, he was well-aware of the asset freeze already in place in this case.[3]

---

    [2]  Although Resnick posits, "[i]f the Court grants [Merklinger's] Motion for Reconsideration, there will be no deadlines that would prejudice any party," the Court has this date denied that motion, leaving all deadlines in tact.

    [3]  While in *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009),  the Sixth Circuit held that it was an abuse of discretion not to allow a law firm to withdraw due to the client's failure to pay the attorney's fees, this case is distinguishable.  Unlike in *Brandon*, in this case there was an asset freeze in place when Resnick & Moss filed their appearance. Therefore, Resnick and his law firm knew what it was getting into with respect to their clients' ability to pay.  Further, in *Brandon*, the case had been stayed for over three years

<u>CONCLUSION</u>

For all of the foregoing reasons, the Court denies Resnick & Moss's request to be immediately withdraw as counsel for Defendants. The Court orders that Resnick & Moss remain as counsel for Defendants through the preparation and filing **within 7 days of this Order** the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss ordered by the Court on September 23, 2009.[4]

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 26, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

---

and the attorney sought to withdraw at a time when the "case remained inactive, with no imminent deadlines and apple time for Blech to retain new counsel." *Id.* at 538. Unlike *Brandon*, in this case a single and potentially case determinative motion is due to be filed in a few days.

[4] The Court notes that on October 22, 2009 Paul Merklinger delivered to the Court for filing a *pro se* Motion to Dismiss. Mr. Merklinger, however, can only act *pro se* on his own behalf; he cannot represent EAL and EAL cannot itself appear *pro se*. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")