UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

US. SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,            No. 08-CV-13184-DT

vs.            Hon. Gerald E. Rosen

PAUL G. MERKLINGER and
ENCORE ASSOCIATED LEASING, LLC,

            Defendants,
and

BRIAN J. MERKLINGER,

            Relief Defendant.
_____/

ORDER DENYING ENCORE ASSOCIATED LEASING, LLC'S
MOTION TO DISMISS

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on     May 27, 2010

    PRESENT:   Honorable Gerald E. Rosen
                         United States District Chief Judge

This matter is presently before the Court on the *pro se* Motion to Dismiss brought by Encore Associated Leasing, LLC ("EAL") and Paul G. Merklinger "in his capacity as President and CEO of EAL." The motion was filed by Paul Merklinger. Mr. Merklinger is not an attorney.

Appearances before a federal court are governed by 28 U.S.C. § 1654, which

1

provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Although § 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir.1985) (A corporation "is an abstraction, and an abstraction may not appear *pro se*." ). The Sixth Circuit has held that a corporation must appear by counsel or not at all. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970). This rule applies, as well, to all other artificial entities, such as partnerships and unincorporated associations. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716 (1993) (all artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney).

Many reasons exist for this rule. First, the rule ensures that all interests in the corporate party are effectively represented. The various interests of a corporation's managers, workers, investors and creditors may not be aligned with those of a lay person seeking to represent the corporation. *See Scandia Down*, 772 F.2d at 1427. Second, and perhaps more relevant in the case of a closely-held corporation (as EAL appears to be):

> the conduct of litigation by a nonlawyer creates unusual burdens not only
> for the party he represents but as well for his adversaries and the court. The

> lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir.1983). *See also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir.1986) ("All too frequently non-lawyers, as here, bring less than considered [claims] and present arguments in an inarticulate, if not totally incomprehensible, manner."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 375 (3d Cir.1966) ("The confusion that has resulted in this case from pleadings awkwardly drafted and motions inarticulately presented. . . demonstrates the wisdom of such a policy."); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265 (E.D. Wisc.1991) ("This rule further protects the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner.").

Application of the rule also prohibits owners or officers of corporations from appearing on behalf of their businesses. *See United States v. 9.19 Acres of Land*, 416 F.2d 1244 (6th Cir. 1969) (holding that a corporate president may not represent his corporation before a federal court); *Harris v. Akron Dept. of Public Health*, 10 Fed. App'x 316, 319 (6th Cir. 2001) ("[A] corporation must be represented in court by an attorney and may not be represented by an officer."); *Bishoff v. Waldorf*, 660 F. Supp. 2d

815, 821 (E.D. Mich. 2009); *see also Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 398 F. Supp. 16, 18 (S.D.N.Y. 1974).

In *Mercu-Ray*, an individual, acting *pro se*, asserted claims in his name and in the name of his corporation. The defendant moved to dismiss because the corporation was not represented by counsel and the complaint failed to state claims upon which the individual plaintiff could recover. In response, the individual plaintiff "attempted to obviate" the corporation's lack of representation "by assigning all rights in the corporate causes of action to himself and then pressing those claims *pro se*." 398 F. Supp. at 18. For purposes of the motion to dismiss, the court assumed the assignment was valid. *Id*. Nevertheless, the court dismissed the complaint, explaining that to allow a purported assignee of a corporation's claims to appear *pro se* "would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [He] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation." *Id*. at 20. *See also Bishoff*, *supra*, holding the plaintiff's submission of pleadings on behalf of himself "&/or" his corporation were subject to the rule.

Here, Mr. Merklinger does not purport to bring the instant motion on behalf of himself, personally; rather he brings it only on behalf of EAL and himself in his representative capacity "as President and CEO of EAL." Bringing suit in one's official or representative capacity only represents another way of pleading an action on behalf of the entity of which an officer is an agent. *Clark v. Kentucky*, 229 F. Supp. 718, 721 (E.D.

4

Ky. 2002). The foregoing authorities make it clear that Merklinger lacks standing to bring this motion.

Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 44]** is DENIED.

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: May 27, 2010

I hereby certify that on  May 27, 2010  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Ellen E. Christensen; Benjamin J. Hanauer; James G. Lundy  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Claudio Martini
Martini, Barile Marusic LLP
2485 Ouellette Ave., Suite 200
Windsor, Ontario N8X 1L5

                            s/Ruth A. Gunther
                            Ruth A. Gunther, Case Manager
                            (313) 234-5137