UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

US. SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,                No. 08-CV-13184-DT

vs.                                          Hon. Gerald E. Rosen

PAUL G. MERKLINGER and
ENCORE ASSOCIATED LEASING, LLC,

                Defendants,
and

BRIAN J. MERKLINGER,

                Relief Defendant.
_____/

ORDER REGARDING PAUL AND BRIAN MERKLINGER'S REQUESTS IN
RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

                        At a session of said Court, held in
                        the U.S. Courthouse, Detroit, Michigan
                        on          July 30, 2010

                        PRESENT: Honorable Gerald E. Rosen
                                    Chief Judge, United States District Court

I. INTRODUCTION

      This securities fraud action came before the Court for hearing on July 28, 2010 on

the SEC's Motion for Entry of Default Judgment. On the eve of the hearing, Defendant

Paul Merklinger and Relief Defendant Brian Merklinger, through newly retained counsel,

filed a Response in which they requested that the Court deny the SEC's motion. Paul

1

Merklinger further requested that the Court vacate its May 27, 2010 Order denying his Motion to Dismiss; Brian Merklinger requested that he be allowed to file a motion to set aside the (clerk's entry of) default. Having reviewed the record of this matter and heard the oral arguments of counsel, the Court will deny the Merklingers' requests and will grant the SEC's Motion for Entry of Default Judgment.

## II. DISCUSSION

On July 24, 2008, the SEC filed a Complaint against Defendants Paul Merklinger and Encore Associated Leasing, LLC ("EAL"), and Relief Defendant Brian Merklinger, the son of Paul Merklinger alleging violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. The central allegation in the SEC's Complaint is that Paul Merklinger fraudulently raised $7.2 million from investors through the offer and sale of securities in EAL, a purported tire recycling company of which Merklinger was the president and CEO. Specifically, the SEC alleged that Paul Merklinger (a) used more than $950,000 of investor money for his personal benefit, (b) used an additional $134,000 in investor funds to make Ponzi-type payments to investors in another Merklinger-controlled company, and (c) spent or transferred at least $172,000 in investor funds tor the benefit of his son, Brian Merklinger. Shortly after the filing of the SEC's Complaint, the Court entered a Preliminary Injunction and partial Asset Freeze Order.

2

In early December 2008, Clerk's Entry of Defaults were entered against all of the Defendants, but on December 30, 2008, Defendant Paul Merklinger filed a *pro se* Motion to Set Aside the Default entered against him. The SEC responded on January 13, 2009 and the matter was originally set for hearing on February 12, 2009. However the hearing was subsequently adjourned several times due to the representations of various attorneys who had contacted the Court indicating the were going to take on representation of the Defendants (only to later call and tell the Court that they had decided not to do so.) Finally, on April 10, 2009, an attorney, Nathan Resnick, filed his appearance on behalf of Paul Merklinger[1] and a hearing on the Motion to Set Aside the Default was conducted on May 13, 2009. Supplemental briefs were filed, and the Court took the matter under advisement.

On September 23, 2009, the Court entered an Order granting the Motion to set Aside the Default entered against Paul Merklinger, and gave Merklinger 30 days to file a Motion to Dismiss based on the arguments of Attorney Resnick at the May 13 hearing that the interests in EAL sold by Merklinger were not "securities" subject to the federal securities laws. Before the 30-day period expired, however, Mr. Resnick moved for leave to withdraw as counsel for Paul Merklinger and EAL. Then, Paul Merklinger, ostensibly acting on behalf of EAL, filed a *pro se* Motion to Dismiss.[2]

---

[1] Resnick subsequently also filed a Notice of Appearance on behalf of EAL.

[2] As indicated, EAL is a limited liability company. LLCs, like corporations, must be represented by counsel. *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970);

In the meantime, Mr. Resnick's Motion to Withdraw was litigated. The Court initially denied the motion but on Resnick's subsequent emergency motion, reconsidered, and granted Resnick leave to withdraw after first giving Merklinger time to obtain substitute counsel. No counsel ever appeared and on May 27, 2010, the Court denied Merklinger's *pro se* Motion to Dismiss.

On June 7, 2010, the SEC moved to reinstate the Clerk's Entry of Defaults against Paul Merklinger and EAL.[3] No response opposing this motion was ever filed by any of the Defendants, and on June 22, 2010, the Court granted the Motion to Reinstate.

On July 13, 2010, the SEC moved for entry of a Default Judgment as to All Defendants, and on July 17, 2010, the Court noticed the motion for hearing on July 28, 2010.

The day before the hearing, on July 27 (at 2:23 p.m.), an attorney, Robert Stearns, filed his appearance on behalf of Relief Defendant Brian Merklinger. Mr. Stearns shortly therafter called the Court and asked for an adjournment of the hearing. Mr. Stearns was told that, given the history of this case (and the various non-appearance of attorneys who had indicated indicating on the eve of previously scheduled dispositive hearings that they

---

*Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716 (1993) (all artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney).

[3] The December 19, 2008 Clerk's Entry of Default against Relief Defendant Brian Merklinger was never set aside and remained in full force and effect all along since it was originally entered.

4

were going to appear), the matter would only be adjourned if the SEC so stipulated. Stearns informed the Court that he had been unable to reach the SEC attorney. The Court, therefore, told him that under those circumstances, the hearing would go forward as scheduled at 2:30 p.m.

On that same night, at 10:35 p.m., Stearns filed an Appearance on behalf of Paul Merklinger. At 10:37 p.m., Stearns then filed a Response to the Motion for Default Judgment on behalf of both Brian and Paul Merklinger.

This is yet the latest manipulation the Defendants being not simply more than a day late and a dollar short, but of their continuing efforts to obstruct and delay the proceedings without following even the most rudimentary Rules of Civil Procedure, and the time has now come to put an end to Defendants' delaying strategies.

Obviously, Defendants' Response, which seeks relief from the Clerk's entry of default against Brian Merklinger and seeks to overturn the Court's May 27 ruling on Defendant Paul Merklinger's Motion to Dismiss was not timely filed. Eastern District of Michigan Local Rule 7.1(e)(1)(B) provides, "A response to a dispositive motion *must* be filed within 21 days after service of the motion." (A response to a non-dispositive motion must be filed within 14 days. L.R. 7.1(e)(2)(A).) A motion for reconsideration of a previously entered order "*must* be filed within 14 days after entry of the. . .order." L.R. 7.1(h)(1).

Here, the SEC moved to reinstate the clerk's entry of defaults on June 7, 2010. To

have been timely, any response to that motion would have had to have been filed, at the latest, by June 28, 2010. Brian now, at this late date, asks that he be permitted to respond and file an amended motion to set aside the default.

Although referred to in Defendants' brief as an "amended" motion, Brian Merklinger never filed a motion to set aside the default as his father did in December 2008. Apparently, he prepared one and sent it to the SEC but he never filed one with the Court. Brian Merklinger, however, has previously been informed by this Court in a related forfeiture action that merely serving pleadings on the opposing party does not constitute filing. In any event, Brian has had more than ample opportunity to move to set aside the clerk's entry of default but never did so at any time since a default was original obtained by the SEC against him in 2008, and at this eleventh hour, he likewise will be denied the opportunity to do so.

As for Paul Merklinger's attempt to overturn the Court's denial of his motion to dismiss, this motion is three months too late. The SEC has waited long enough to obtain relief and the Court will not delay it any longer.

### III. CONCLUSION

For all of the foregoing reasons, and for the reasons stated by the Court on the record on July 28, 2010,

IT IS HEREBY ORDERED that Defendants' request to (1) vacate the Court's May 27, 2010 Order denying Paul Merklinger's Motion to Dismiss and (2) allow Brian

6

Merklinger to file an amended motion to set aside the clerk's entry of default, is DENIED.

IT IS FURTHER ORDERED that the SEC's Motion for Entry of Default Judgment as to All Defendants is GRANTED. Judgment will be entered accordingly.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager